UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

DEBORAH ALISON THOMAS as Administrator of the Estate of PAGET BEAZER Deceased, and DEBORAH ALISON THOMAS, Individually,

Plaintiff,

- against -

MONSANTO COMPANY,

Defendant.

---------------------------------------------------------------X

Docket No.: 7:19-cv-10826

**[PROPOSED] CONFIDENTIALITY AND PROTECTIVE ORDER**

It is hereby **ORDERED** and **ADJUDGED**, that:

1. This Protective and Confidentiality Order ("Protective Order") governing the disclosure of confidential, proprietary, and other protected or privileged information by any Party to this action is hereby entered.

2. For purposes of this Protective Order, any Party may designate as "Confidential Material" any information regarded as confidential by the Party that is contained in any document, written discovery response, testimony, or other material produced or provided by that Party or its representative(s) to any other Party, whether provided voluntarily, pursuant to formal discovery procedures, or otherwise. Nonetheless, the Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the information or items that are entitled to confidential treatment under the applicable legal principles.

3. Any Party may designate a document as Confidential Material by stamping it "Confidential," or "Subject to Protective Order." All pages of any document that bear such a legend are subject to this Protective Order. The Party shall affix the stamp in such a manner so as not to obscure the text of the document.

4. Due to the complexity of this action, which is estimated to involve millions of pages of documents, and to facilitate the flow of discovery material, at the time of initial production, the producing party may designate an entire document as "Confidential" if it believes in good faith that any part of the document is confidential or if the document falls within a category of documents that the designating party believes is likely to contain a large volume of Confidential material.

5. After review, the receiving party may request that the producing party identify for specific documents (no more than 500 documents in a 30 day period) what parts of those documents are confidential. The challenge process described below in paragraph 16 may then be used to resolve any disputes as to those designations. If it comes to the designating party's attention that information or items that it designated for protection do not qualify for protection, that designating party must promptly notify all other Parties that it is withdrawing its mistaken designation.

6. To the extent that information stored or recorded in the form of electronic or magnetic media (including information, files, databases, or programs stored on any digital or analog machine-readable device, computers, Internet sites, discs, networks, or tapes) ("Computerized Material") is produced by any Party in such form, the producing Party may designate such materials as Confidential by marking the container in which the media is produced "Confidential." For electronically stored information produced in native format,

designation of documents as "Confidential" may be made in a produced metadata field or in the file name. Whenever any Party receives Computerized Material or documents produced in native format that have been designated as Confidential, if such Party reduces such material to hardcopy form, that Party shall mark the hardcopy form with the "Confidential" designation.

7. If responses to interrogatories, requests for admission, or other written responses to discovery quote, summarize, or contain Confidential Material, the Parties may designate them as Confidential Material by marking the face of any such response with one of the legends set forth in paragraph (3) above and indicating the page and line references of the material that are to be subject to this Protective Order.

8. A Party may designate the transcript of any deposition in this action or any portion thereof, including exhibits thereto, as Confidential Material by either so advising the court reporter and the Parties on the record during the taking of the deposition or within thirty (30) days after receipt of the deposition transcript by written designation served upon the Parties. If all or any portion of a deposition is designated as being subject to this Protective Order, the court reporter and any Parties possessing any transcripts shall label the cover page of each transcript or copy thereof to state that the deposition includes Confidential Material, and shall label as Confidential each of the pages of the transcript or exhibits that contain Confidential Material.

9. Any production of any confidential or proprietary material will not result in or be construed as a waiver, in whole or in part, of (a) the producing Party's claims of confidentiality either as to the specific information disclosed or more generally as to the subject matter of the information disclosed, or (b) the party's right to later designate the material as Confidential pursuant to this Protective Order. In the event that a Party produces any Confidential Material

without attaching one of the legends described in paragraph (3) above, the Party may subsequently designate the material as Confidential at any time by forwarding to the opposing Party copies of the material bearing one of the legends required by paragraph (3) and requesting that the opposing Party destroy all prior copies of the Confidential Material. Upon receipt of such a request, the opposing Party shall destroy all copies of the Confidential Material as originally produced and replace them with copies bearing the appropriate confidentiality legend.

10. Written and oral communications between or among counsel for the Parties that refer to or discuss Confidential Material automatically shall be subject to this Protective Order.

11. Confidential Material shall be treated by the Parties and their counsel as being confidential and private. Any copy made of Confidential Material shall have the same status as the original. The disclosure and use of Confidential Material shall be confined to the permissible disclosures and uses set forth below. Confidential Material shall be used (if otherwise relevant and admissible) solely for the litigation of this action, including any appeals, and for any other action brought by or on behalf of a former user of Monsanto glyphosate-containing products alleging injuries or other damages therefrom, so long as all parties are bound by and subject to another judicially approved protective and confidentiality order that is identical to or the substantial equivalent to this order and has been agreed to by Monsanto. In addition, before Confidential Material is shared with parties to other lawsuits or used for other lawsuits brought by or on behalf of a former user of Monsanto glyphosate-containing products alleging injuries or damages therefrom, the parties to the other action(s) also must have entered into an ESI protocol, protocol governing privilege logs, and protocol or agreement regarding the search and culling of data, including keyword search terms, or alternatively only to the extent that Monsanto has consented in writing. Confidential Material shall not be used for any other purpose without

separate written agreement of the Party that produced the Confidential Information. All other disclosure and use of Confidential Material during the pendency of this action or after its termination are hereby prohibited. Nothing in this Protective Order, however, precludes Monsanto Company from making disclosures to government authorities to the extent that it is required to disclose Confidential Material by law.

12. Confidential Material may be disclosed only to the following persons and only insofar as it is reasonably necessary to the effective prosecution of the Parties' claims and defenses:

a. Parties, their representatives, in-house counsel and regular employees who are actively engaged in or actively overseeing this action, or are involved in complying with any Monsanto Company legal obligations to provide information to governmental authorities;

b. Counsel of record in this action, including their associated attorneys, paralegal and secretarial personnel, and other support staff;

c. Experts and consultants (including their employees) who are retained by a Party to assist in this action;

d. Third-party contractors and their employees who are retained by one or more Parties to provide litigation-support or copy services in connection with this action;

e. Witnesses or prospective witnesses in this action;

f. Court reporters and other persons involved in recording deposition testimony in this action;

g. Named plaintiffs in other actions brought by or on behalf of a former user of Monsanto glyphosate-containing products alleging injuries or other damages therefrom and their counsel of record, including paralegal, clerical, secretarial and other staff employed or retained by such other plaintiffs' counsel of record if the conditions of Paragraph 11 above have been met;

h. Court personnel of this Court, or, if on appeal, of a court with appellate jurisdiction; and

i. Jurors in this action.

Counsel for each Party disclosing Confidential Material in accordance with this paragraph shall (i) advise each person to whom such disclosure is made (except Court personnel, jurors, and government authorities) of the terms of this Protective Order and of the obligation of each such person to comply with those terms and (ii) provide a copy of this Protective Order to each such person. Prior to the disclosure of any Confidential Information to any person identified in subparagraphs c, d, e, f and g above, such person shall sign an Acknowledgment, in the form attached hereto, acknowledging that he or she has read this Protective Order and shall abide by its terms. Counsel shall maintain a list of persons to whom confidential materials are disclosed (excluding jurors, Court personnel, and government authorities). Upon learning of any disclosure of Confidential Material to any person not authorized by this paragraph to receive Confidential Material, the Party who so learns shall immediately (i) inform in writing the Party from which the Confidential Material was originally received of such disclosure, including to whom the material was disclosed, and (ii) take all necessary steps to retrieve as soon as possible each and every copy of all Confidential Material from the unauthorized person and any person to whom the unauthorized person disclosed the Confidential Material.

13. Disclosure of Confidential Material in accordance with this Protective Order shall not effect, nor shall it be deemed to effect a waiver of the attorney-client privilege, the work-product immunity, or any other privilege or immunity from disclosure to which such Confidential Material may be entitled, whether in this action or in any other action or as to any non-party.

14. Any use of confidential or protected material at trial shall be governed by a separate agreement or order.

15. Each Party agrees that in the event it is served by a non-party with a subpoena or request for production of Confidential Material originally received from another party, it will give sufficient notice to allow that Party a reasonable opportunity to intervene to oppose such production. The notice shall include a description of the material sought, the date and location for compliance with the subpoena or request, the identity of the requester of the Confidential Material, the docket number of the matter where requested, and all other information reasonably necessary to intervene and oppose such production.

16. CHALLENGING CONFIDENTIALITY DESIGNATIONS

16.1. Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

16.2. Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. No more than 500 documents shall be submitted to the challenge process in a 30-day period. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. During the meet and confer process, the Designating Party must state the bases for its objections to each challenge on a document by document basis. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

16.3. Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Challenging Party shall send a letter ("Letter") to counsel for the Designating Party that lists the challenged documents by Bates label (or other identifying label if no Bates label). The Letter must state that the Challenging Party has completed the meet-and-confer process of paragraph 16.2 as to the identified documents, that those confidentiality designations remain in dispute, and that the Designating Party has 14 days from the Letter to file a Motion to Maintain Confidentiality. The Letter must be sent by both e-mail and first-

class mail. If Monsanto is the Designating Party, the Letter should be emailed and sent to Brett Covington of Hollingsworth LLP. The Designating Party shall file a "Motion to Maintain Confidentiality" within fourteen (14) calendar days of the emailing of the Letter, explaining why the documents should or should not be de-designated and, if applicable, why the documents are not reasonably likely to be used for any litigation purpose in these proceedings. Failure by the Designating Party to make such a Motion within 14 days of the emailing of the Letter shall automatically waive the confidentiality designation for each challenged designation. The Challenging Party will then have seven (7) calendar days to file a Response. There shall be no Reply absent leave of Court. Either party may lodge the challenged documents with chambers bearing the confidentiality legend, which shall not be filed in connection with the confidentiality challenge. The Parties may stipulate in writing to allow additional time for the Designating Party to make such a Motion to Maintain Confidentiality or the Designating Party may move the Court for additional time. The burden of persuasion as to whether information is confidential shall be on the Designating Party. If the challenged documents could not reasonably be used for any litigation purpose, the Court will grant the Motion to Maintain Confidentiality without prejudice to a new objection by the Challenging Party at a later date. Unless the Designating Party has waived the confidentiality designation by failing to file a Motion to Maintain Confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

17. The production by any Party in the course of discovery in these proceedings of a document subject to a claim of privilege, work product, protection from disclosure under federal or state law, or other statutory or court-ordered confidentiality, will not result in a waiver of any

of the foregoing protections, whether in these or any other proceedings, for the produced document or any other withheld document covering the same or similar subject matter. Upon notice of such disclosure, all originals and copies thereof, shall be returned to the producing Party within twenty (20) business days of receipt of such notice and the receiving party shall not use such information for any purpose until further Order of the Court. Such returned material shall be deleted from any litigation-support or other database. All notes or other work product reflecting the contents of such disclosed materials shall be destroyed, and receiving counsel shall certify in writing to the producing party's counsel compliance with this paragraph. In the event of disagreement, until such time as the disagreement is resolved, the receiving Party will return the document and will not review or use the document or its contents. If the substance of the protected document is discussed in a deposition prior to the time of discovery or notification of the inadvertent disclosure, the Parties agree that such testimony may not be used for any purpose until the dispute is resolved by agreement of the Parties or by Court order. The party to whom any produced document was returned shall retain the returned materials until the end of the case, including any appeals. Within fifteen (15) business days after notice of the disclosure, the producing Party shall provide a log that describes the basis for the claim that the material is privileged or otherwise protected from disclosure. After receipt of such a privilege log, any Party may dispute a claim of privilege or protection, however, prior to any submission to the Court for an in camera review, the Party disputing a claim of privilege or protection shall provide in writing the identification of the documents for which it questions the claim of privilege or protection and the reasons (including legal support) for its assertion that the documents are not privileged or protected. Within fifteen (15) business days, the Party seeking to support the claim of privilege or protection shall provide a written response supporting the claim of privilege or

protection (including legal support). The Parties will then meet and confer in good faith as to the claims of privilege or protection. If agreement cannot be met after ten (10) business days, any party may thereafter submit the material under seal to the Court for a determination as to privilege or protection. The burden of persuasion in any such challenge proceeding shall be on the party asserting privilege or protection.

18. This paragraph does not apply to a Motion to Maintain Confidentiality, which confidentiality challenges shall be governed by paragraph 16. When a Party wishes to use a document that has been designated as confidential in support of a motion or other filing with the Court, it shall file the document under seal pursuant to the Individual Practices of Judge Cathy Seibel (Feb. 3, 2020), the Court's Standing Order 1:19-mc-00583 (Dec. 19, 2019), and the Court's Electronic Case Filing Rules & Instructions. When possible, the parties should confer in advance of court filings about whether documents previously designated confidential truly need that designation. When that's not practical, a party may provisionally file documents under seal based on another party's confidentiality designation by citing to this order in its motion to seal and stating that the designating party has 10 court days to support any requests for continued sealing. Within 10 court days from service of the non-designating party's motion to seal, the designating party must undertake a good-faith review of the documents, inform the Court whether the documents should remain under seal, and support any requests for continued sealing consistent with the Individual Practices of Judge Cathy Seibel (Feb. 3, 2020), the Court's Standing Order 1:19-mc-00583 (Dec. 19, 2019), and the Court's Electronic Case Filing Rules & Instructions. The burden of persuasion as to whether information is confidential shall be on the Designating Party. The material shall remain sealed unless the Court orders otherwise. When

exhibits to court filings are needed, the Parties shall file only the pages necessary for their arguments unless the Court requests additional material.

19. This Protective Order shall not prevent the Parties from using or disclosing their own documents and other materials in any manner for any business or personal reason, notwithstanding their designation as Confidential Material subject to this Protective Order. The use or disclosure by a Party of its own documents or materials shall not terminate, waive or otherwise diminish in any way the status of such documents or materials as Confidential Materials subject to this Protective Order.

20. Upon the final determination, including any appeals related thereto, of this action, the producing Party will send a letter to the receiving Party, stating that the lawsuit has concluded and requesting that all Confidential Material be returned or destroyed. If, at that time, the producing Party has entered an agreement permitting use of the Confidential Materials in another action, the producing Party may wait until resolution of that action to send the letter. Within thirty (30) days after receipt of that letter, all attorneys in possession of Confidential Material shall return all Confidential Material to the disclosing Party or, alternatively, shall immediately destroy all such material. All counsel of record shall, within forty-five days of this final determination, certify that all Confidential Material, including any such material disclosed to any other entity, has been returned or destroyed. The sole exception to the requirements described above is that information that has been incorporated into attorney work product or other privileged documents need not be returned or destroyed. Such information shall be retained by the person to whom the information was produced, and shall be treated as Confidential Material in accordance with this Order.

21. This Protective Order shall not enlarge or affect the proper scope of discovery in this or any other lawsuit, nor shall this Protective Order imply that material designated (or not designated) as Confidential Material under the terms of this Protective Order is properly discoverable, relevant, or admissible in this or any other lawsuit.

22. Each Party shall retain all rights and remedies available to it under the law for the enforcement of this order against anyone who violates it.

23. The restrictions of this Protective Order shall continue to apply after this action is finally determined and the Court shall retain jurisdiction for all purposes in connection therewith. All persons receiving or given access to Confidential Material in accordance with the terms of this Protective Order consent to the continuing jurisdiction of the Court for the purposes of enforcing this Protective Order and remedying any violations thereof.

24. If a party concludes that certain documents require special or additional protections beyond the protections of this Order such as a designation of "Confidential – Attorneys' Eyes Only," the parties will meet and confer about those documents at that time and present the issue to the Court if no agreement can be reached.

**IT IS SO ORDERED.**

Date: 3/5, 2020

HONORABLE CATHY SEIBEL
United States District Judge

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, ______________________ [print or type full name], of ________[print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective and Confidentiality Order that was issued by the United States District Court for the Southern District of New York on__________________________[date] in *Thomas v. Monsanto Co.*, Docket No. 7:19-cv-10826. I agree to comply with and to be bound by all the terms of this Protective and Confidentiality Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective and Confidentiality Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of enforcing the terms of this Protective and Confidentiality Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint______________________________[print or type full name] of

________________________________________________________ [print or type full address and telephone number] as my New York agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: ________________________________

City and State where sworn and signed: _____________________________

Printed name: ________________________________

Signature: ___________________________________